IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 02:05cr298-F |
| | ) |
| KELVIN ARTIS | ) |

**MOTION TO SUPPRESS**

Comes now Defendant Kelvin Artis, by and through counsel, and shows as follows:

**Issue Presented**

1. This motion to suppress relates to a search of a residence located at 5785 Darien Drive in Montgomery, Alabama.

2. This motion involves the following issue: Whether a search of the residence located at 5785 Darien Drive in Montgomery, Alabama was violative of the Fourth Amendment to the United States Constitution.

**Factual Background and Incorporated Memorandum of Law**

3. A DEA Form 6 report signed by C. A. Wingard dated September 28, 2003 states: "On 7/28/2003, at approximately 0900 hours, TFO. Wingard received a call from a confidential source, who stated that he observed Kelvin ARTIS –AKA – 'GARGAMEL' receive at least three kilograms of cocaine at 5785 Darien Drive. Montgomery, Alabama."

4. A DEA Form 6 report signed by H.E. Sisson, Jr. dated July 29, 2003 states: "On 07/28/2003, members of the Montgomery, AL Police Department and the Montgomery, AL HIDTA conducted a search warrant secured by TFA C. Wingard at

1

5785 Darien Drive, Montgomery, AL.  This was the residence of Kelvin ARTIS." That report lists various items of evidence of drug activity seized from the residence.

    5.  An affidavit (Attachment 1) signed by C. A. Wingard which purported to support the issuance of a search warrant states:

> …[Wingard] has reason to believe that, cocaine, a controlled substance, is being stored at 5785 Darien Drive Montgomery, Alabama, and is being stored by a subject known as Kelvin Artis aka Gargamel.  This is in violation of Code of Alabama, 1975, 13A-12-212.  The facts tending to establish the ground of issuance of an anytime search warrant are as follows:
>
> Probable cause being that in the month of August 2003, a confidential and reliable source, who will hereinafter be referred to as "A", advised this affiant that a group of subjects from Miami, Florida, had brought three kilograms of cocaine to Kelvin Artis at 5785 Darien Drive Montgomery, Alabama.  'A' was in the residence and observed the cocaine.
>
> Further probable cause being that 'A' observed Artis cooking the cocaine hydrochloride into cocaine base.
>
> Further probable cause being that 'A' has given reliable information in the past."

The affidavit was signed by Wingard and Montgomery Municipal Judge W. Troy Massey on August 28, 2003.  The search warrant (Attachment 2) was signed by Montgomery Municipal Judge W. Troy Massey on August 28, 2003.

    6.  "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. Amend. IV.  Warrantless searches "are per se unreasonable under the Fourth Amendment subject to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967).  Whether or not a warrant is issued, probable cause is generally required for a search.  Carroll v. United States, 267 U.S. 132, 155-156 (1925).  Probable cause has been

defined as "a fair probability that contraband or evidence of a crime will be found in a particular place." Beck v. Ohio, 379 U.S. 89, 91 (1964). A search warrant is to be issued only if there is probable cause to believe that contraband or evidence of a crime will be found on the premises to be searched. Carroll v. United States, 267 U.S. 132, 155-156 (1925). Evidence presented in support of an application for a search warrant must provide the issuing authority with a "substantial basis" for determining the existence of probable cause. Illinois v. Gates, 462 U.S. 213, 238-239 (1983). The affidavit submitted must contain sufficient facts and circumstances to enable the issuing authority to make an independent evaluation of probable cause. United States v. Ventresca, 380 U.S. 102 (1965). When the affidavit relies upon hearsay from an informant and not direct observation of the affiant, the affidavit must permit "a balanced assessment of the relative weights of all the various indicia or reliability (and unreliability) attending an informant's tip." Illinois v. Gates, 462 U.S. 213, 234 (1983).

> "If an informant is mentioned in the affidavit, the affidavit also must demonstrate the informant's 'veracity' and 'basis of knowledge.' " [United States v. Martin, 297 F.3d 1308 (11th Cir. 2002)]. The Supreme Court rejected a two-pronged analysis that separately analyzed an informant's veracity and basis of knowledge, in favor of a totality-of-the-circumstances analysis, where "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." [Illinois v.] Gates, 103 S.Ct. at 2329. Independent police corroboration of a confidential informant's statement is not a requirement in every case. United States v. Brundidge, 170 F.3d 1350, 1353 (11th Cir. 1999). "An 'explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles [the confidential informant's] tip to greater weight than might otherwise be the case.' " Id. (citation omitted). Thus, we have upheld the validity of the probable cause affidavit where the confidential informant had provided information that had proven to be truthful and reliable in the past, *id.;* where the level of detail showed the informant was unlikely to lie because the lies would be discovered in short order, id. at 1353-54; where police were able to independently confirm some of the facts the informant provided, Martin, 297 F.3d at 1315, , 297

3

>   F.3d at 1315, United States v. Talley, 108 F.3d 277, 281 (11th Cir. 1997);
>   and where the confidential informant made a statement against his or her
>   penal interest to the officer, United States v. Farese, 612 F.2d 1376, 1378
>   (5th Cir. 1980).

United States v. Roland, 133 Fed. Appx. 660, 662, 2005 WL 1274479, at *1 (11th Cir. May 31, 2005). Under the staleness doctrine, information contained in an application for a search warrant must show that probable cause exists at the time the warrant issues. See United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994)("For probable cause to exist, however, the information supporting of the government's application for a search warrant must be timely, for probable cause must exist when the magistrate judge issues the search warrant."). Further, a material misrepresentation of omission, intentionally or recklessly made or omitted, in a warrant affidavit invalidates the warrant and any evidence seized pursuant to the warrant is to be suppressed if the affidavit, cleansed of those statements, does not establish probable cause. Franks v. Delaware, 438 U.S. 154, 155-156 (1978)(hereinafter "Franks"); Holmes v. Kucynda, 321 F.3d 1069, 1083 (11th Cir. 2003).

>   "When the Fourth Amendment demands a factual showing sufficient to
>   comprise 'probable cause' the obvious assumption is that there will be a
>   truthful showing" [United States v. Halsey, 257 F.Supp. 1002, 1005
>   (S.D.N.Y. 1966)] (emphasis in original). This does not mean "truthful" in
>   the sense that every fact recited in the warrant affidavit is necessarily
>   correct, for probable cause may be founded upon hearsay and upon
>   information received from informants, as well as upon information within
>   the affiant's own knowledge that sometimes must be garnered hastily. But
>   surely it is to be "truthful" in the sense that the information put forth is
>   believed or appropriately accepted by the affiant as true.

Franks, 438 U.S. at 164-65, quoted in part by Holmes v. Kucynda, 321 F.3d 1069, 1083 (11th Cir. 2003). In this case, the subject search failed in all these respects.

6. First, the search, as reported, took place on July 28, 2003. The warrant was not signed by Municipal Judge Massey until August 28, 2003. No exception to the warrant requirement in this case. Thus, the search was per se unreasonable.

7. Second, the warrant affidavit contained statements of hearsay and not statements of personal observations of the affiant. The warrant affidavit contains little detail of the basis for the informant's observations. The warrant affidavit contains no statement as to any corroboration of the informant's tip. The warrant affidavit contains no statement indicating a statement against the informant's own interest. Thus, the warrant affidavit was insufficient to establish the reliability of the informant's tip and probable cause.

8. Third, the warrant affidavit presented stale information. The affidavit references information supposedly obtained by the affiant in the month of August of 2003. The affidavit did not state when in the month of August the information was received. Because the affidavit was not signed until August 28, 2003, there was not a substantial basis for concluding that contraband would be found at the residence at the time the affidavit was presented and the warrant issued.

9. Fourth, the affidavit signed on August 28, 2003 states that the information was received in the month of August of 2003. This could lead one to assume that the information was current and not stale. In fact, the information was received on July 28, 2003. Thus, the affidavit contained false or misleading statements as to the currency or staleness of the information alleged in the affidavit – a critical issue in the probable cause analysis. Cleansed of those statements, the remainder of the warrant is insufficient to establish probable cause.

WHEREFORE, Defendant Kelvin Artis moves this Court to set this motion for a hearing, and upon hearing evidence and arguments, to enter an order suppressing the fruits of the search complained of herein.

**s/ Thomas M. Goggans**
Ala. S.J.I.S. GOG001
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512
e-mail: tgoggans@tgoggans.com

Attorney for Defendant
Kelvin Artis

CERTIFICATE OF SERVICE

      I hereby certify that I have on this the 23d day of March, 2006, electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of each of the following:  **Leura Garrett Canary, John T. Harmon, and Susan R. Redmond.**

      **<u>s/ Thomas M. Goggans</u>**
      Ala.  S.J.I.S. GOG001
      2030 East Second Street
      Montgomery AL 36106
      PH: 334.834.2511
      FX: 334.834.2512
      e-mail: tgoggans@tgoggans.com

      Attorney for Defendant
      Kelvin Artis