IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.:  2:05-CR-298-MEF |
| | ) | |
| KELVIN ARTIS | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files its response to Defendant's Motion to Suppress, filed on or about March 23, 2006, as follows:

1.     Defendant moves to suppress evidence obtained as the products of a search and seizure, based on an invalid search warrant, in violation of the Fourth Amendment of the United States Constitution.

2.     The gist of Defendant's argument is that the search was conducted without a search warrant issuing and that the law enforcement officer who was the affiant for the search warrant gave the issuing court only a conclusory statement that the confidential informant who provided the information that the defendant received and was "cooking" illegal narcotics was reliable. The defendant argues that it was necessary for the affiant to provide the issuing court with "some facts that allow them to claim that the source is a "reliable" one". Quoting from Aguilar v. Texas, 378 U.S. 108, 109, 111-13 (1964); Illinois v. Gates, 462 U.S. 213, 238 (1983).

**DISCUSSION**

3.     The task of the magistrate issuing a warrant is simply to make a practical, common sense decision of whether, given all the circumstances set forth in the affidavit

before him, including the veracity and knowledge of persons supplying hearsay information there exists a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213 (1983); United States v. Brundidge, 170 F.3d 1350 (11th Cir. 1999); United States v. Foree, 43 F.3d 1572 (11th Cir. 1995).

4. A court reviewing the issuance of a search warrant by a magistrate or state court judge is to decide whether the evidence viewed as a whole provided a "substantial basis" for the finding of probable cause at the time the warrant was issued, Massachusetts v. Upton, 466 U.S. 727, 732-33 (1984) (per curiam); Illinois v. Gates, 462 U.S. 213, 236 (1983). The reviewing court must decide whether there was a "substantial basis" solely upon consideration of the information presented to the issuing judicial officer. United States v. Lockett, 674 F.2d 843 (11th Cir. 1982). In conducting such a review, the court must give deference to the decision of the issuing judge even in marginal or doubtful cases. Id. at 845.

5. The defendant makes no claim that the affiant lied to or withheld information from the issuing court. Instead, the only claim the defendant makes is that the affiant failed to provide the issuing court information, relating to the confidential informant, that would allow the issuing court to make a finding that the confidential informant was reliable.

6. There is no absolute requirement that an informant's information be corroborated by independent police investigation. It is sufficient that the search warrant application sets forth the basis of the informant's knowledge and a recitation of the informant's reliability. United States v. Foree, 43 F.3d 1572, 1575-76 (11th Cir. 1995) (indicating preference for indication in affidavit as to whether the source's past performance, i.e. whether information has resulted in search, arrests, or conviction).

7. In the present case, the affiant averred that the confidential informant was reliable and had proven reliable in the past. While this may not be considered a "recitation of the informant's reliability" pursuant to Foree, it does provide a basis for a finding of probable cause.

8. The issuing court had a "substantial basis" for concluding that a search would uncover evidence of wrongdoing. The CS had provided information specific to time and place and the affiant represented that the informant was reliable and had proven reliable in the past.

9. The defendant argues that the search warrant issued, issued after the search was conducted and contained stale information. The defendant's argument is grounded in the face pages of the warrant which clearly state that the information supplied by the CS was supplied in August 2003. The warrant, itself, was sworn to on August 28, 2003 and signed by Judge Troy Massey, purportedly, on August 28, 2003.

10. The government maintains that the CS supplied information to the affiant on or about July 28, 2003. Further, the government maintains that the affiant, Detective Chris Wingard, prepared and submitted the affidavit and search warrant on July 28, 2003, prior to the search of the residence. Further, the government maintains that the search warrant was signed by Judge Massey on the 28th of July, 2003, prior to the execution of the warrant. The government believes that the return date (the date on which the return is filed in the clerk's office) on the last page of the search warrant, being August 4, 2003, substantiates its argument that the search warrant issued on July 28, 2003, prior to the search of the residence at 5785 Darien Drive, Montgomery, Alabama.

11. Finally, the government maintains that the word "August" throughout the

affidavit and search warrant was mistakenly overlooked by the preparer, Detective Chris Wingard, and the signing judge, Troy Massey, and should have reflected the correct month of July. However, the government argues that the clerical error was, at worst, an innocent mistake and the warrant was valid.

    12.    In <u>Franks v. Delaware</u>, 438 U.S. 154 (1978) the Supreme Court decided the issue of whether a criminal defendant has the right to challenge the truthfulness of factual statements made in an affidavit. The Court stated, "There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted ... is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing."

*Franks,* 438 U.S. at 171-72, 98 S.Ct. at 2684-85.

    "In the event that at that hearing the allegation of perjury or reckless

disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id.* at 156, 98 S.Ct. at 2676. Quoting United States v. Novaton, 271 F.3d 968 at 986 (11th Cir. 2001).

13. The defendant does not claim, and offers no evidence to support the position, that the affidavit contains deliberately false information or information given with reckless disregard for the truth. Absent some showing that Detective Wingard intentionally or recklessly provided false information, the defendant is not entitled to an evidentiary hearing on the matter. Further, setting aside the false material, that being the month that the CS supplied the information, the information provided in the affidavit is sufficient to establish probable cause.

12. Based on the foregoing, the United States respectfully asserts that the defendant is not entitled to an evidentiary hearing and requests this Court deny Defendant's Motion to Suppress.

Respectfully submitted, this 6th day of April, 2006.

                            LEURA GARRETT CANARY
                            UNITED STATES ATTORNEY

                            /s/ Susan R. Redmond
                            SUSAN R. REDMOND
                            Assistant United States Attorney
                            Post Office Box 197
                            Montgomery, Alabama 36101-0197
                            334.223-7280
                            334.223.7135   fax
                            susan.redmond@usdoj.gov

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.:   2:05-CR-298-MEF |
| | ) | |
| **KELVIN ARTIS** | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Thomas M. Goggans.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223-7280
334.223.7135   fax
susan.redmond@usdoj.gov