### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.:   2:05-CR-298-MEF |
| ) | |
| KELVIN ARTIS ) | |

**SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files its supplemental response to Defendant's Motion to Suppress, filed on or about March 23, 2006, as follows:

1. Defendant moves to suppress evidence obtained as the products of a search and seizure, based on an invalid search warrant, in violation of the Fourth Amendment of the United States Constitution.

2. The gist of Defendant's argument is that the search was conducted without a search warrant issuing and that the law enforcement officer who was the affiant for the search warrant gave the issuing court only a conclusory statement that the confidential informant who provided the information that the defendant received and was "cooking" illegal narcotics was reliable. The defendant argues that it was necessary for the affiant to provide the issuing court with "some facts that allow them to claim that the source is a "reliable" one". Quoting from <u>Aguilar v. Texas</u>, 378 U.S. 108, 109, 111-13 (1964); <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983).

3. The United States filed its response to the defendant's Motion to Suppress on or about April 6, 2006.

4. The United States moves to supplement its response and argues that in

addition to its earlier argument, the United States further argues that the defendant does not have standing to challenge the affidavit, the search warrant or the search of the residence in this case.

## **DISCUSSION**

5.      On July 28, 2003, at approximately 9:00 a.m., a confidential source (CS) told Detective Chris Wingard (Wingard) that he had been at 5785 Darien Drive, Montgomery, Alabama when two Black males delivered three kilograms of cocaine to Kelvin Artis (Artis). The CS stated that he had remained at the residence and seen Artis "cooking" the cocaine.

6.      Based on the information of the Cs and his own observations, Wingard sought and received a search warrant for the residence. The search warrant was executed at approximately 11:30 a.m. on July 28, 2003. No one, other than law enforcement, was present at the time the warrant was executed.

7.      5785 Darien Drive was a rental property rented to Black male Laponeta Roshune Luster at the time the warrant was executed.

8.      The Fourth Amendment th the Constitution of the United States provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated". A party alleging an unconstitutional search under the Fourth Amendment must establish both a subjective and an objectively reasonable expectation of privacy in order to succeed. Katz v. United States, 389 U.S. 347 (1967). The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that "the privacy expectation be one that society is prepared to recognize as reasonable." Katz, supra; United States v. Robinson, 62 F.3d 1325 (11th Cir. 1995). The defendant bears the burden of proving a

legitimate expectation of privacy in the areas searched. Rawlings v. Kentucky, 448 U.S. 98 (1980); United States v. Cooper, 133 F.3d 1394 (11th Cir. 1998).

9.  In the present case, the defendant has not established nor argued that he had or has an actual expectation of privacy in the Darien Drive residence. The defendant has not claimed that he was a resident or visitor nor has he claimed any possessory interest in any of the items seized.

10. Where a defendant in a motion to suppress fails to allege facts that if proved, would establish the defendant's standing to contest a search, the district court is not required to hold an evidentiary hearing. United States v. Cooper, 203 F.3d 1279 (11th Cir. 2000).

11. Based on the foregoing, the United States respectfully asserts that the defendant is not entitled to an evidentiary hearing and requests this Court deny Defendant's Motion to Suppress.

Respectfully submitted, this 14th day of April, 2006.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223-7280
334.223.7135   fax
susan.redmond@usdoj.gov

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.:   2:05-CR-298-MEF |
| | ) | |
| **KELVIN ARTIS** | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Thomas M. Goggans.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223-7280
334.223.7135   fax
susan.redmond@usdoj.gov