IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 02:05CR298-WKW |
| | ) |
| KELVIN ARTIS | ) |

**DEFENDANT KELVIN ARTIS' FINAL REQUESTED JURY INSTRUCTIONS**

Defendant Kelvin Artis requests that the Court include the attached instructions in its instructions to the jury.

> s/ Thomas M. Goggans
> Ala. State Bar No. 2222-S45T
> 2030 East Second Street
> Montgomery AL 36106
> PH: 334.834.2511
> FX: 334.834.2512
> e-mail: tgoggans@tgoggans.com
>
> Attorney for Defendant Kelvin Artis

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 12th day of October, 2006, electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of each of the following: **Susan Redmond and John T. Harmon.**

> s/ Thomas M. Goggans
> Ala. State Bar No. 2222-S45T
> 2030 East Second Street
> Montgomery AL 36106
> PH: 334.834.2511
> FX: 334.834.2512
> e-mail: tgoggans@tgoggans.com
>
> Attorney for Defendant Kelvin Artis

Defendant Kelvin Artis' Requested Instruction Number 1

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions) 2.2

Defendant Kelvin Artis' Requested Instruction Number 2

While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.


Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions) No. 3

Defendant Kelvin Artis' Requested Instruction Number 3

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness s testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions 5

Defendant Kelvin Artis' Requested Instruction Number 4

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Eleventh Circuit Pattern Criminal Jury Instruction (Special Instructions) 1.1

Defendant Kelvin Artis' Requested Instruction Number 5

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. In this case the Government called as one of its witnesses a person with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

Eleventh Circuit Pattern Criminal Jury Instruction (Special Instructions) 1.2 (Adapted)

Defendant Kelvin Artis' Requested Instruction Number 6

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses. For example, a witness who was using addictive drugs during the time he or she testified about may have an impaired memory concerning the events that occurred during that time. Also, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Eleventh Circuit Pattern Criminal Jury Instruction (Special Instructions) 1.3

Defendant Kelvin Artis' Requested Instruction Number 7

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood: and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions 6.2

Defendant Kelvin Artis' Requested Instruction Number 8

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions) 7

Defendant Kelvin Artis' Requested Instruction Number 9

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - -judges of the facts. Your only interest is to seek the truth from the evidence in the case.


Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions) 11

Defendant Kelvin Artis' Requested Instruction Number 10

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at anytime, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Eleventh Circuit Pattern Criminal Jury Instruction (Basic Instructions) 12

Defendant Kelvin Artis' Requested Instruction Number 11

The government may satisfy the 'possession' prong by showing either actual or constructive possession. To prove actual possession the evidence must show that the defendant either had physical possession of or personal dominion or control over the thing allegedly possessed. Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises in which the thing allegedly possessed is located.

To establish possession, the government must show that the defendant was more than merely present in the location of the contraband. There must be some nexus or connection between the defendant and the contraband and a defendant must have knowledge of the substance's existence to exercise control or dominion over it.

United States v. Frazier, 2006 WL 2456588 (11th Cir. 2006).